UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOANNE WILLIAMS<br>6933 Auckland Drive<br>Austin, Texas 78749-4160<br><br>　　　　　Plaintiff<br><br>　　vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY<br>LIBERTY INSURANCE CORPORATION<br>175 Berkeley Street<br>Boston, Massachusetts 02116<br><br>and<br><br>NATIONSTAR MORTGAGE, LLC<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>　　　　　Defendants | CASE NO.:<br><br>JUDGE<br><br><br><br>**COMPLAINT FOR DECLARATORY AND OTHER RELIEF**<br><br>(With Jury Demand) |

**PARTIES**

1.　　Plaintiff Joanne Williams is a citizen of the United Kingdom and domiciled in Texas.

2.　　Defendants Liberty Mutual Insurance Company and Liberty Insurance Corporation (referred to collectively as "Liberty Mutual") are insurance companies incorporated in Massachusetts with their principal place of business in Massachusetts. Liberty Mutual is licensed to do business in Ohio and does business in this judicial district.

3. Defendant Nationstar Mortgage, LLC ("Nationstar") is a corporation incorporated in Delaware, with its principal place of business in Delaware. Nationstar is licensed to do business in Ohio and does business in this judicial district.

4. Williams brings this action under federal diversity jurisdiction, 28 U.S.C. §1332(a)(2), as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

5. Venue is proper in this district under 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

6. Williams owns a house ("the Property") located at 1127 Lake Vue Drive, Rome, Ashtabula County, Ohio.

7. Liberty Mutual insured the Property under policy number H37-288-024826-70 7 3, policy period 1/26/17 to 1/26/18 ("the Policy"). The Policy listed Williams as a named insured with a mailing address of 6933 Auckland Drive, Austin, Texas and the insured location of 1127 Lake Vue Drive, Rome, Ohio. The Policy's declarations pages are attached as Exhibit 1.

8. On August 23, 2017, a fire occurred at the Property that severely damaged the house and contents.

9. Plaintiff promptly reported the loss to Liberty Mutual, which commenced an investigation.

10. By letter dated January 10, 2018 Liberty Mutual denied the claim in its entirety. The denial letter is attached as Exhibit 2.

11. Liberty Mutual's decision to deny this claim was incorrect and contrary to the terms of the insurance policy.

**FIRST CAUSE OF ACTION**
**(Breach of Contract Against Liberty Mutual)**

12. Plaintiff incorporates by reference the above allegations.

13. Plaintiff had a contract with Liberty Mutual on the day the loss occurred.

14. Liberty Mutual breached the insurance contract by failing to pay to plaintiff the amounts due under the Policy.

15. As a direct and proximate cause of Liberty Mutual's breach of the insurance contract, plaintiff has been denied the policy benefits due her under the contract in an amount in excess of $75,000.

16. As a further direct and proximate cause of Liberty Mutual's breach of the insurance contract, plaintiff has suffered other reasonably contemplated damages.

**SECOND CAUSE OF ACTION**
**(Lack of Good Faith)**

17. Plaintiff incorporates by reference the above allegations.

18. In adjusting plaintiff's claim, Liberty Mutual, through its agents, adjusters, and investigators, acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly, and not in good faith.

19. Liberty Mutual, through its agents, adjusters, and investigators, failed to adequately investigate the claim and made the claim decision without reasonable justification.

20. Liberty Mutual, through its adjusters, agents, and investigators, acted without reasonable justification, intentionally, willfully, wantonly and with actual malice in the following respects:

- Liberty Mutual failed to adequately investigate the claim;

- Liberty Mutual lacked reasonable justification for concluding that the Property was vacant or unoccupied at the time of the loss;

- Liberty Mutual lacked reasonable justification for concluding that the Property was not insured under the Policy;

- Liberty Mutual misconstrued the terms of the Policy for its own benefit;

21. The actions and omissions of Liberty Mutual demonstrate malice, aggravated or egregious fraud, oppression, or insult and Liberty Mutual, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

22. As a direct and proximate cause of Liberty Mutual's lack of good faith, plaintiff has suffered emotional distress and anxiety, inconvenience, increased loss of use, economic harm, and has incurred litigation expenses and attorney's fees.

23. Plaintiff prays for judgment against Liberty Mutual in an amount in excess of $75,000 in compensatory damages and punitive damages, the exact amount to be determined by the trier of fact, plus interest, costs, and attorney fees as allowed by law.

### THIRD CAUSE OF ACTION
### (Declaratory Judgment)

24. Plaintiff incorporates by reference the above allegations.

25. Plaintiff has a written contract with Liberty Mutual.

26. Prior to filing suit, plaintiff demanded appraisal of the amount of loss of this claim. The Policy provides:

> **Appraisa**l. If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the

4

Case: 1:18-cv-00579-DAP  Doc #: 1  Filed: 03/13/18  5 of 6.  PageID #: 5

>other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

>Each party will:
>a. Pay its own appraiser; and
>b. Bear the other expenses of the appraisal and umpire equally.

27. Pursuant to R.C. §2721.03, R.C. §2721.04, and Federal Rule 57, plaintiff is entitled to a declaratory judgment from this court construing the Policy and the terms, limitations, and conditions contained in the Policy. Specifically, plaintiff is entitled to a declaration as to whether, based on the policy language, this is a covered claim; whether Liberty Mutual was allowed by the contract language to refuse to pay plaintiff based on the policy language quoted in the denial letter; and whether Liberty Mutual is obligated to appraise the amount of the loss pursuant to the Policy's Appraisal condition.

28. Plaintiff requests this Court to resolve these disputes between the parties by issuing a declaration of rights to the extent permitted by Ohio law. The plaintiff further prays for any further relief the Court deems proper, including but not limited to, an award of attorney fees, interest, and costs, as well as judgment against Liberty Mutual as specified above.

WHEREFORE, plaintiff prays for judgment against Liberty Mutual as set forth above, plus interest, costs, and attorney fees as allowed by law, and such other relief as the Court, in the exercise of its equitable jurisdiction, deems proper.

Respectfully submitted,

*/s/Robert P. Rutter*
Robert P. Rutter (0021907)
Justin Rudin (0087368)
RUTTER & RUSSIN, LLC
Attorney for Plaintiff Dr. Richard Cheney
One Summit Office Park, Suite 650
4700 Rockside Road
Cleveland, Ohio 44131
(216) 642-1425
brutter@ohioinsurancelawyer.com
jrudin@ohioinsurancelawyer.com

**JURY DEMAND**

Plaintiff requests a jury trial on all issues.

*Robert P. Rutter*
ROBERT P. RUTTER (0021907)